IN RE RESIGNATION OF WIGGINS.

[Cite as *In re Resignation of Wiggins*, ___ Ohio St.3d ___, 2021-Ohio-1347.]

*Attorneys at law—Resignation with disciplinary action pending—Gov.Bar R. VI(11)(C).*

(No. 2020-1531—Submitted April 14, 2021—Decided April 19, 2021.)

ON APPLICATION FOR RETIREMENT OR RESIGNATION

PURSUANT TO GOV.BAR R. VI(11).

_____

{¶ 1} Brian Matthew Wiggins, Attorney Registration No. 0089727, last known business address in Xenia, Ohio, who was admitted to the bar of this state on November 5, 2012, submitted an application for retirement or resignation pursuant to Gov.Bar R. VI(11). The application was referred to disciplinary counsel pursuant to Gov.Bar R. VI(11)(B). On December 16, 2020, the Office of Attorney Services filed disciplinary counsel's report, under seal, with this court in accordance with Gov.Bar R. VI(11)(B)(2).

{¶ 2} On consideration thereof, it is ordered by the court that pursuant to Gov.Bar R. VI(11)(C), the resignation as an attorney and counselor at law is accepted as a resignation with disciplinary action pending.

{¶ 3} It is further ordered and adjudged that from and after this date all rights and privileges extended to respondent to practice law in the state of Ohio be withdrawn, that henceforth respondent shall cease to hold himself forth as an attorney authorized to appear in the courts of this state, and that respondent shall not attempt, either directly or indirectly, to render services as an attorney or counselor at law to or for any individuals, corporation, or society, nor in any way perform or seek to perform services for anyone, no matter how constituted, that

must by law be executed by a duly appointed and qualified attorney within the state of Ohio.

{¶ 4} It is further ordered that respondent desist and refrain from the practice of law in any form, either as principal or agent or clerk or employee of another, and hereby is forbidden to appear in the state of Ohio as an attorney and counselor at law before any court, judge, board, commission, or other public authority, and hereby is forbidden to give another an opinion as to the law or its application or advise with relation thereto.

{¶ 5} It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(23)(C). If employed pursuant to Gov.Bar R. V(23), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(23)(A)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

{¶ 6} It is further ordered that respondent shall not enter into an employment, contractual, or consulting relationship with an attorney or law firm with which respondent was associated as a partner, shareholder, member, or employee at the time respondent engaged in the misconduct that resulted in this acceptance of respondent's resignation with discipline pending.

{¶ 7} It is further ordered that respondent shall surrender respondent's certificate of admission to practice to the clerk of the court on or before 30 days from the date of this order and that respondent's name be stricken from the roll of attorneys maintained by this court.

{¶ 8} It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Lawyers' Fund for Client Protection pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of this order the

Lawyers' Fund for Client Protection awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Lawyers' Fund for Client Protection within 90 days of the notice of that award.

{¶ 9} It is further ordered that on or before 30 days from the date of this order, respondent shall do the following:

{¶ 10} 1.  Notify all clients being represented in pending matters and any cocounsel of respondent's resignation and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of cocounsel, also notify the clients to seek legal services elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 11} 2.  Regardless of any fees or expenses due, deliver to all clients being represented in pending matters any papers or other property pertaining to the client or notify the clients or cocounsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 12} 3.  Refund any part of any fees or expenses paid in advance that are unearned or not paid and account for any trust money or property in the possession or control of respondent;

{¶ 13} 4.  Notify opposing counsel or, in the absence of counsel, the adverse parties in pending litigation of respondent's disqualification to act as an attorney after the effective date of this order and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 14} 5.  Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 15} 6.  File with the clerk of this court and disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of

service of the notices required herein, and setting forth the address where respondent may receive communications; and

{¶ 16} 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

{¶ 17} It is further ordered that until such time as respondent fully complies with this order, respondent shall keep the clerk and disciplinary counsel advised of any change of address where respondent may receive communications.

{¶ 18} It is further ordered that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All case documents are subject to Sup.R. 44 through 47, which govern access to court records.

{¶ 19} It is further ordered that service shall be deemed made on respondent by sending this order and all other orders in this case to respondent's last known address.

{¶ 20} It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(17)(E)(1) and that publication be made as provided for in Gov.Bar R. V(17)(E)(2).

KENNEDY, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

FISCHER, J., dissents, with an opinion joined by O'CONNOR, C.J.

_____

**FISCHER, J., dissenting.**

{¶ 21} Writing a case-specific dissent in these attorney-resignation cases is incredibly difficult due to the confidentiality concerns involved and given that the report provided to this court by disciplinary counsel is, properly, submitted under seal. *In re Resignation of Leone*, 160 Ohio St.3d 1227, 2020-Ohio-2997, 155 N.E.3d 950, ¶ 22 (Fischer, J., dissenting), citing Gov.Bar R. VI(11)(B); *In re Resignation of Berling*, 161 Ohio St.3d 1275, 2020-Ohio-5060, 164 N.E.3d 501,

¶ 22 (Fischer, J., dissenting). Though this is a difficult task, I will try, as I must respectfully dissent from this court's decision to accept the application for retirement or resignation of Brian Matthew Wiggins.

{¶ 22} As I have discussed before, these resignation-with-discipline-pending cases go against the concept that the activities of our state's government should be as transparent as reasonably possible. *Leone* at ¶ 26. Under our Rules for the Government of the Bar, an attorney may apply to retire or resign from the practice of law. Gov.Bar R. VI(11)(A). In such a case, disciplinary counsel, after determining whether disciplinary proceedings are pending against the attorney and reviewing all information regarding any grievances that have been filed against the attorney, provides this court with a confidential report that includes recommendations on whether we should accept the application and, if we do, whether the attorney's status should be designated as "retired" or "resigned with disciplinary action pending." Gov.Bar R. VI(11)(A)(2) and (B). Then this court enters an order that it deems appropriate. Gov.Bar R. VI(11)(C). But that entire process keeps the public, the bench, and the practicing bar in the dark. *See Leone* at ¶ 26-28. While this lack of transparency is less of an issue regarding attorneys who simply want to "retire," I do not believe that to be the case in some situations in which an attorney seeks to resign while disciplinary proceedings are pending. This is especially true in a case like the one before us.

{¶ 23} Information on some of the criminal matters in which Wiggins has been involved has been reported widely and publicly throughout the state and even throughout the country. Indeed, the allegations against Wiggins were reported by the American Bar Association in an article available on its website. Debra Cassens Weiss, *Lawyer Accused of Stealing Estate Money for Wife's Breast Implants, Child Support Gets Interim Suspension*, ABA Journal (May 12, 2020), https://www.abajournal.com/news/article/lawyer-accused-of-stealing-estate-money-on-child-support-breast-implants-gets-interim-suspension (accessed Mar.

31, 2021) [https://perma.cc/3BT6-UDUL]. And most recently, this court was notified that Wiggins pleaded guilty in Greene County Common Pleas Court to 16 felony offenses, including aggravated theft of $1,500,000 or more in violation of R.C. 2913.02(A)(2), and was sentenced to a term of imprisonment for those crimes. Based on this notification, we suspended him from the practice of law for an interim period on March 8, 2021. *In re Wiggins*, ___ Ohio St.3d ___, 2021-Ohio-621, ___ N.E.3d ___. In his plea, Wiggins also agreed to pay restitution to several victims of his misconduct in an amount totaling $1,982,970.12. While this information paints a concerning picture, it may be just the tip of the iceberg.

{¶ 24} After reading the report provided by disciplinary counsel, I strongly believe that this court should reject Wiggins's application. The allegations against him are deeply concerning and the magnitude of the alleged misconduct indicates that he has been remarkably willing to mislead clients, courts, and others. It is true that Wiggins's criminal case has apparently been resolved by his decision to plead guilty and that his agreement to pay restitution is meant to provide a remedy to some who were harmed by his actions. And it is also true that if this court does not accept this application, the process through which some victims may seek restitution from the Lawyers' Fund for Client Protection may be delayed. However, the disciplinary proceedings that would take place if this court were to deny this application would provide the public with much-needed transparency about the actions of this attorney and about this court's ability to govern the practice of law in this state.

{¶ 25} The public should know what disciplinary counsel, the hearing panels of the Board of Professional Conduct, the board itself, and this court are doing to keep the public safe from attorneys who are alleged to have violated the Rules of Professional Conduct in egregious ways. In a case such as this, we should not countenance allowing the public to remain ignorant of the full scope of the alleged actions of an attorney that have resulted in numerous felony charges,

multiple convictions, and about two million dollars in admittedly misappropriated funds, which may significantly understate the total amount he took. The public should have access to all the information regarding the allegations of flagrant violations of the Rules of Professional Conduct of this type and the potential consequences that ensue when attorneys commit such violations.

{¶ 26} By accepting Wiggins's application to resign, this court deprives lawyers and Ohio's citizens of the knowledge of the potential violations of the Ohio Rules of Professional Conduct that loom over Wiggins. I cannot condone this result. To me, transparency in a case such as this is essential for the education of lawyers and the public, as well as for the public's protection. By accepting the application in this case when some of the details have been conveyed to this court under seal and other details are still unclear, we keep the public in the dark. This result undermines the public's confidence in our great legal system. Thus, I must respectfully dissent.

O'CONNOR, C.J., concurs in the foregoing opinion.

_____