IN RE RESIGNATION OF FEDERLE.

**[Cite as *In re Resignation of Federle*, ___ Ohio St.3d ___, 2021-Ohio-2399.]**

*Attorneys at law—Resignation with disciplinary action pending—Gov.Bar R. VI(11)(C).*

(No. 2021-0552—Submitted June 16, 2021—Decided July 15, 2021.)

ON APPLICATION FOR RETIREMENT OR RESIGNATION

PURSUANT TO GOV.BAR R. VI(11).

_____

{¶ 1} Richard Lawrence Federle, Jr., Attorney Registration No. 0061581, last known business address in Wilmington, Ohio, who was admitted to the bar of this state on November 8, 1993, submitted an application for retirement or resignation pursuant to Gov.Bar R. VI(11). The application was referred to disciplinary counsel pursuant to Gov.Bar R. VI(11)(B). On April 30, 2021, the Office of Attorney Services filed disciplinary counsel's report, under seal, with this court in accordance with Gov.Bar R. VI(11)(B)(2).

{¶ 2} On consideration thereof, it is ordered by the court that pursuant to Gov.Bar R. VI(11)(C), the resignation as an attorney and counselor at law is accepted as a resignation with disciplinary action pending.

{¶ 3} It is further ordered and adjudged that from and after this date all rights and privileges extended to respondent to practice law in the state of Ohio be withdrawn, that henceforth respondent shall cease to hold himself forth as an attorney authorized to appear in the courts of this state, and that respondent shall not attempt, either directly or indirectly, to render services as an attorney or counselor at law to or for any individuals, corporation, or society, nor in any way perform or seek to perform services for anyone, no matter how constituted, that

must by law be executed by a duly appointed and qualified attorney within the state of Ohio.

{¶ 4} It is further ordered that respondent desist and refrain from the practice of law in any form, either as principal or agent or clerk or employee of another, and hereby is forbidden to appear in the state of Ohio as an attorney and counselor at law before any court, judge, board, commission, or other public authority, and hereby is forbidden to give another an opinion as to the law or its application or advise with relation thereto.

{¶ 5} It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(23)(C). If employed pursuant to Gov.Bar R. V(23), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(23)(A)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

{¶ 6} It is further ordered that respondent shall not enter into an employment, contractual, or consulting relationship with an attorney or law firm with which respondent was associated as a partner, shareholder, member, or employee at the time respondent engaged in the misconduct that resulted in this acceptance of respondent's resignation with discipline pending.

{¶ 7} It is further ordered that respondent shall surrender respondent's certificate of admission to practice to the clerk of the court on or before 30 days from the date of this order and that respondent's name be stricken from the roll of attorneys maintained by this court.

{¶ 8} It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Lawyers' Fund for Client Protection pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of this order the

Lawyers' Fund for Client Protection awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Lawyers' Fund for Client Protection within 90 days of the notice of that award.

{¶ 9} It is further ordered that on or before 30 days from the date of this order, respondent shall do the following:

{¶ 10} 1.  Notify all clients being represented in pending matters and any cocounsel of respondent's resignation and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of cocounsel, also notify the clients to seek legal services elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 11} 2.  Regardless of any fees or expenses due, deliver to all clients being represented in pending matters any papers or other property pertaining to the client or notify the clients or cocounsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 12} 3.  Refund any part of any fees or expenses paid in advance that are unearned or not paid and account for any trust money or property in the possession or control of respondent;

{¶ 13} 4.  Notify opposing counsel or, in the absence of counsel, the adverse parties in pending litigation of respondent's disqualification to act as an attorney after the effective date of this order and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 14} 5.  Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 15} 6.  File with the clerk of this court and disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of

service of the notices required herein, and setting forth the address where respondent may receive communications; and

{¶ 16} 7.   Retain and maintain a record of the various steps taken by respondent pursuant to this order.

{¶ 17} It is further ordered that on or before 30 days from the date of this order, respondent shall surrender the attorney-registration card for the 2019/2021 biennium.

{¶ 18} It is further ordered that until such time as respondent fully complies with this order, respondent shall keep the clerk and disciplinary counsel advised of any change of address where respondent may receive communications.

{¶ 19} It is further ordered that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.  All case documents are subject to Sup.R. 44 through 47, which govern access to court records.

{¶ 20} It is further ordered that service shall be deemed made on respondent by sending this order and all other orders in this case to respondent's last known address.

{¶ 21} It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(17)(E)(1) and that publication be made as provided for in Gov.Bar R. V(17)(E)(2).

O'CONNOR, C.J., and KENNEDY, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

FISCHER, J., dissents, with an opinion.

———————————

**FISCHER, J., dissenting.**

{¶ 22} As I have expressed before, writing a case-specific dissent in an attorney-resignation-with-disciplinary-action-pending case is challenging due to

the confidentiality concerns involved. *In re Resignation of Wiggins*, ___Ohio St.3d___, 2021-Ohio-1347, ___ N.E.3d. ___, ¶ 21 (Fischer, J., dissenting); *In re Resignation of Leone*, 160 Ohio St.3d 1227, 2020-Ohio-2997, 155 N.E.3d 950, ¶ 22 (Fischer, J., dissenting), citing Gov.Bar R. VI(11)(B). Nevertheless, I must respectfully dissent from this court's decision to accept the application for resignation of Richard Lawrence Federle Jr.

{¶ 23} Many of these resignation-with-disciplinary-action-pending cases thwart the concept that government should be as transparent as reasonably possible. *Wiggins* at ¶ 22 (Fischer, J., dissenting); *Leone* at ¶ 26 (Fischer, J., dissenting). Because these cases involve sealed reports by disciplinary counsel, they are generally enshrouded in a cloud of secrecy that keeps the public, the bench, and the practicing bar ignorant of the reasons for the request to resign with discipline pending. *See Wiggins* at ¶ 22 (Fischer, J., dissenting); *Leone* at ¶ 26 (Fischer, J., dissenting). This is problematic, especially when the allegations against an attorney describe a disturbing pattern of predatory behavior toward a vulnerable population.

{¶ 24} In this case, after reading the report provided by disciplinary counsel, I strongly believe that the court should reject Federle's application. Though I cannot comment on all the matters identified by disciplinary counsel in the report, I can point to public records that provide a glimpse of the allegations against Federle. Federle filed his application to resign from the practice of law after disciplinary counsel filed a disciplinary complaint against him. The complaint identifies five instances in which Federle allegedly used his position as an attorney to solicit sex from and/or romantic relationships with female clients, three of whom he represented in criminal cases. *See* Complaint filed Oct. 30, 2020, *Disciplinary Counsel v. Federle*, Bd.Prof.Cond. No. 2020-063, available at https://www.supremecourt.ohio.gov/bpccm/Case?caseId=02bb083d-9b44-44f4-941a-e56ca44ded27 (accessed July 8, 2021) [https://perma.cc/NY22-HFEE]. While Federle denies many of the allegations against him in his answer, he admits

to having had some inappropriate conversations with clients, but the only conversations he admits to are those that were documented or recorded. *See* Answer filed Nov. 20, 2020, *id.*, at ¶ 14-15, 20, 31-33, 35. The allegations against Federle are serious. This court has explained that some of the most disturbing attorney-discipline cases are those "in which a lawyer has had sex with a client while defending the client against criminal charges * * * or has accepted sex in lieu of fees." *Disciplinary Counsel v. Krieger*, 108 Ohio St.3d 319, 2006-Ohio-1062, 843 N.E.2d 765, ¶ 29. "The abuse of the attorney-client relationship [in this way] not only harms the dignity of the client, whose body and trust in her lawyer have been violated, but it also impugns the legal system as a whole." *Disciplinary Counsel v. Sarve*r, 155 Ohio St.3d 100, 2018-Ohio-4717, 119 N.E.3d 405, ¶ 29. If these serious allegations against Federle are true, this court does no favors to the victims, the public, or to Federle in accepting his resignation.

{¶ 25} I understand that accepting Federle's resignation will immediately remove his ability to use his position as an attorney to harm more women and may thereby protect the public faster than going forward with disciplinary proceedings. But I do not think that this court should favor a process that is quick over a process that is designed to obtain truth and dispense justice that more effectively protects the public. The disciplinary proceedings governed by this court may provide the victims, the public, and Federle with much-needed transparency about the entire situation. While the alleged victims would bear the heavy burden of testifying before a hearing panel, I believe that they should at least have the opportunity to have their voices heard by the public and by this court. The public should know what this court and the numerous volunteers and employees participating in this court's disciplinary process are doing to keep the public safe from attorneys who are alleged to have violated the Rules of Professional Conduct in perturbing manners. And at least in the disciplinary process, this court has the opportunity to provide help to the attorney should an addiction or other issue be the root cause of

the problem. *See* Gov.Bar R. V(12) and (21). By accepting Federle's resignation, the court simply washes its hands of the problem without providing any real resolution.

**{¶ 26}** Furthermore, the allegations against Federle have reached national news, as this story was reported by the American Bar Association in an article available on its website. Debra Cassens Weiss, *Lawyer is Accused of Offering Free Legal Services If Woman Cleaned His Home in the Nude*, ABA Journal (Nov. 5, 2020), https://www.abajournal.com/news/article/lawyer-is-accused-of-offering-legal-services-if-would-be-client-cleaned-his-home-in-the-nude (accessed July 8, 2021) [https://perma.cc/W2S3-S6W2]. I point out this article to emphasize that by not allowing Federle's disciplinary case to go through the full disciplinary process, this court leaves the public with unanswered questions about an attorney who allegedly solicited sex from clients. I believe that by accepting Federle's resignation, this court leaves the public with the idea that it does not investigate these types of allegations and that it does not take this entire situation seriously. Moreover, accepting this resignation keeps the public in the dark, silences the alleged victims, and divests this court of its jurisdiction to discipline Federle for any misconduct he might have committed while practicing law. Such discipline would be designed to protect the public and perhaps help Federle.

**{¶ 27}** Transparency in cases of attorney discipline that involve serious allegations of violations of the Rules of Professional Conduct is essential for the public's protection. By permitting resignation in this case, this court does a disservice to the public and undermines the public's confidence in our legal system. Thus, I must respectfully dissent.

———————